## Bell Company v. Tiger.

*Justice of the peace—Failure of plaintiff to appear—Judgment for defendant—Non-suit.*

1. Where a plaintiff in a suit before a justice of the peace fails to appear, and judgment is entered against him with costs, such judgment will be affirmed on appeal.

2. In such case, the dismissal of the case by the justice is practically the entry of a non-suit, and the plaintiff may proceed *de novo* if he desires.

*Certiorari.* C. P. Wayne Co., Oct. T., 1921, No. 146.

*Mumford & Mumford,* for plaintiff; *A. G. Rutherford,* for defendant.

SEARLE, P. J., May 8, 1922.—Summons was issued in this case, and though an affidavit of claim was filed with the justice, it does not appear from the record that a copy was made and certified by the justice and given to the constable to be served upon the defendant at the time the summons was served. The return of the constable shows no such service was made.

At the return-day the plaintiff did not appear. The justice entered judgment as follows: "And now, Dec. 2, 1921, the hour of trial having passed and the plaintiff not having appeared to present his case, the case is dismissed for want of evidence and the costs placed on the plaintiff."

We know of no law which compels the justice to notify a plaintiff of the time of the hearing. A plaintiff is supposed to know or inquire and learn of proceedings he has instituted.

From the facts above given, no affidavit of defence was required and the justice could not render judgment in default thereof. It would have been error to have done so.

It has been argued that we can now enter such a judgment. While we may correct irregularities in the judgment of the justice, we cannot try the case and inquire into the merits upon the facts and enter a judgment thereon upon a case being dismissed by the justice for want of appearance of plaintiff to prosecute. The dismissal of this case by the justice was practically the entry of a non-suit, and plaintiff can proceed *de novo* if he desires.

Now, May 8, 1922, the exceptions are dismissed and the record of the justice affirmed, at plaintiff's cost.